UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRADLEY HEUSS** <br> 390 Fahey St. <br> Marion, OH 43302 <br><br> Plaintiff, <br><br> v. <br><br> **ZDX TRANSPORT INC.** <br> c/o Nicolai Parpalov, registered agent <br> 16 Spring Terrace <br> Greenfield, MA 01301 <br><br> and <br><br> **NICOLAI PARPALOV** <br> 40 11th St., Flr 1 <br> Turners Falls, MA 01376 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No.: <br><br> Judge <br><br> **COMPLAINT WITH** <br> **JURY DEMAND** <br><br> **Samuel G. Bolotin, Esq. (0014727)** <br> THE BOLOTIN LAW OFFICES <br> 3232 Executive Parkway <br> Toledo, OH 43606 <br> PH: (419) 539-9200 <br> FX: (419) 539-7100 <br> bolotin@bex.net <br> *Counsel for Plaintiff* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Now comes Plaintiff, Bradley Heuss, by and through undersigned counsel, and for his complaint states the following:

## OVERVIEW

1. On September 14, 2017, Defendant Nicolai Parpalov, while operating a semi-tractor trailer under the authority of ZDX Transport Inc., negligently collided with the rear end of a semi-tractor trailer operated by Plaintiff Bradley Heuss on I-75 in the City of Toledo, Lucas County, Ohio.

## PARTIES

**Plaintiff**

2. Plaintiff Bradley Heuss is an adult individual and a citizen of the State of Ohio who resides at 390 Fahey St., Marion, Ohio.

**Defendants**

3. Defendant ZDX Transport, Inc. is a corporation incorporated in the State of Massachusetts, with its headquarters and principal place of business in the State of Massachusetts.

4. Upon information and belief, Defendant Nicolai Parpalov is an adult individual who resides at 40 11th Street, Floor 1, Turners Falls, Massachusetts 01376. Upon information and belief, Nicolai Parpalov is a citizen of the State of Massachusetts.

## STATEMENT OF JURISDICTION

5. This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of Ohio, Defendants are citizens of and/or are incorporated in the State of Massachusetts, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court. Venue is appropriate in this Court since the collision occurred in Lucas County, Ohio.

## FIRST CAUSE OF ACTION
*Negligence of Nicolai Parpalov*

6. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

7. Defendant Nicolai Parpalov owed a duty to Plaintiff to use due care and caution in the operation of his commercial motor vehicle, and was required to obey all local traffic ordinances, the statutes of the State of Ohio, the Federal Motor Carrier Safety Regulations and the Rules of Common Law.

8. Defendant Nicolai Parpalov failed in the above-mentioned duties and was therefore negligent.

9. The negligence of one or all of the Defendants was the direct and proximate cause of the injuries sustained by Plaintiff.

10. Plaintiff, as a result of the negligence and recklessness of one or all the Defendants, directly and proximately sustained bodily injuries, extreme physical pain and great mental anguish.

## SECOND CAUSE OF ACTION
*Statutory Violations/Negligence per se of Nicolai Parpalov*

11. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

12. Defendant Nicolai Parpalov violated several state and federal statutes and regulations, including but not limited to, 49 CFR §§350-399, and specifically including, but not limited to, the following:

    a) 49 CFR §392.3 – Ill or Fatigued Driver;

    b) 49 CFR §395.3 – Maximum Driving Time;

    c) O.R.C. §4511.20 – Willful or Wanton Operation on Street or Highway;

    d) O.R.C. §4511.79 – Driving with Impaired Alertness or Ability;

    e) O.R.C. §4511.38 – Rules for Starting and Backing Vehicles; and

    f) O.R.C. §4511.44 – Right-of-Way at Highway from any Place other than Another Roadway;

13. Defendant Nicolai Parpalov's violations of state and federal statutes and regulations constitutes negligence per se.

14. Plaintiff is in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§350-399.

15. The negligence per se of Defendant Nicolai Parpalov was the direct and proximate cause of the injuries sustained by Plaintiff.

16. Plaintiff, as a result of the negligence, recklessness, negligence per se and statutory violations of one or all of the Defendants or their agents, directly and proximately sustained serious and permanent injuries:

    a) That in the care and treatment of said injuries, Plaintiff was required to submit to numerous and extensive x-rays, examinations, treatments and therapies including the taking of drugs and medications in an effort to combat the pain in which they suffered;

    b) That Plaintiff has incurred substantial expenses to date in the care of said injuries;

    c) That said injuries are permanent and partially disabling and Plaintiff will continue to incur medical and related expenses in the future in an amount which cannot now be determined nor in the exercise of due diligence be ascertained at this time;

    d) That Plaintiff was required to absent himself from his usual and normal activities and has suffered and will continue to suffer the loss of enjoyment of life; and

    e) That Plaintiff suffered from pain, shock, nervous reaction and inconvenience and will continue to suffer therefrom in the future with all of the foregoing to his substantial damage.

### THIRD CAUSE OF ACTION
*Punitive Damages against Nicolai Parpalov*

17. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

18. Defendant Nicolai Parpalov's actions demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the public and were willful, wanton, reckless and/or grossly

negligent. Plaintiff demands punitive damages against Defendant Nicolai Parpalov in an amount to be determined by the trier of fact, in order to punish Defendant Nicolai Parpalov and deter others from similar conduct.

### FOURTH CAUSE OF ACTION
*Vicarious Liability of ZDX Transport Inc.*

19. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

20. Defendant Nicolai Parpalov was the driver, employee, statutory employee, agent, servant, or independent contractor for Defendant ZDX Transport Inc. and/or Defendant ZDX Transport Inc. negligently entrusted its commercial motor vehicle to Defendant, Nicolai Parpalov. Accordingly, Defendant ZDX Transport Inc. is vicariously liable for the acts of Defendant Nicolai Parpalov for the causes of action above.

21. Defendant ZDX Transport Inc. is liable for the negligent acts or omissions of Defendant Nicolai Parpalov for the causes of action above by the application of the theory of *respondeat superior.*

### FIFTH CAUSE OF ACTION
*Strict Liability of ZDX Transport Inc.*

22. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

23. Regardless of the employment relationship, Defendant ZDX Transport Inc. is the registered owner of USDOT number 3007575 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that unit.

### SIXTH CAUSE OF ACTION
*Negligence of ZDX Transport Inc.*

24. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

25. Defendant ZDX Transport Inc. had a duty to act reasonably in investigating the work history, credentials and fitness of all of its commercial drivers, employees, statutory employees,

agents, servants, and independent contractors, including Defendant Nicolai Parpalov, to be operators of commercial motor vehicles.

26. Defendant ZDX Transport Inc. had a duty to act reasonably in hiring all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Nicolai Parpalov, to be operators of commercial motor vehicles.

27. Defendant ZDX Transport Inc. had a duty to properly train all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Nicolai Parpalov, to be operators of commercial motor vehicles.

28. Defendant ZDX Transport Inc. had a duty to promulgate and enforce rules and regulations to ensure that all off of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Nicolai Parpalov, and all of its commercial motor vehicles, were reasonably safe.

29. Defendant ZDX Transport Inc. had a duty to act reasonably in supervising the conduct of all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Nicolai Parpalov, as required by the Federal Motor Carrier Safety Regulations, including, but not limited to, parts 391, 392, 395, 396 and 397, and the laws of the State of Ohio including, but not limited to sections 1-11 of the Commercial Driver License Manual.

30. Defendant ZDX Transport Inc. had a duty to act reasonably in retaining all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Nicolai Parpalov, to be operators of commercial motor vehicles.

31. Defendant ZDX Transport Inc. failed in the above-mentioned duties and was therefore negligent.

32. The negligence of Defendant ZDX Transport Inc. was the direct and proximate cause of the injuries sustained by Plaintiff.

### SEVENTH CAUSE OF ACTION
*Statutory Violations/Negligence per se of ZDX Transport Inc.*

33. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

34. Defendant ZDX Transport Inc. violated and encouraged its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Nicolai Parpalov, to violate state and federal statutes and regulations, including but not limited to 49 CFR §§350-399, and specifically including, but not limited to, the following:

   a) 49 CFR §392.3 – Ill or Fatigued Driver;

   b) 49 CFR §395.3 – Maximum Driving Time;

   c) O.R.C. §4511.20 – Willful or Wanton Operation on Street or Highway; and

   d) O.R.C. §4511.79 – Driving with Impaired Alertness or Ability.

35. Plaintiff in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§350-399.

36. Defendant ZDX Transport Inc. statutory violations directly and proximately caused Plaintiff's damages and injuries.

37. Defendant ZDX Transport Inc.'s is negligent per se based on these statutory and regulatory violations.

## EIGHTH CAUSE OF ACTION
*Punitive Damages against ZDX Transport Inc.*

38. Plaintiff incorporates all facts and allegations above in this cause of action by reference.

39. Defendant ZDX Transport Inc.'s actions demonstrate a conscious disregard for the rights and safety of Plaintiff and the rest of the public and were willful, wanton, reckless and/or grossly negligent. Plaintiff demands punitive damages against Defendant ZDX Transport Inc. in an amount to be determined by the trier of fact, in order to punish Defendant ZDX Transport Inc. and deter others from similar conduct.

**WHEREFORE** Plaintiff demands judgment against Defendants, jointly and severally, in an amount that is fair and just, consistent with the evidence and in excess of $75,000.00 for all causes of action, together with costs, interest, prejudgment interest, attorney's fees, and any other relief the Court deems proper. Plaintiff further demands punitive damages against all Defendants.

Respectfully submitted,

*/s/ Samuel G. Bolotin, Esq.*
**Samuel G. Bolotin (0014727)**
THE BOLOTIN LAW OFFICES
3232 Executive Parkway
Toledo, Ohio  43606
PH: (419) 539-9200
FX: (419) 539-7100
bolotin@bex.net
*-Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                                                    Respectfully submitted,

                                                              */s/ Samuel G. Bolotin, Esq.*
                                                              **Samuel G. Bolotin (0014727)**
                                                              *-Counsel for Plaintiff*